UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN CARCAMO | CIVIL ACTION |
| VERSUS | NO. 23-3813 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | SECTION "A" (1) |

**ORDER AND REASONS**

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") **Motion for Summary Judgment (Rec. Doc. 15)**. For the following reasons, the motion is **GRANTED.**

**I.    Background**

This case concerns alleged property damage from Hurricane Ida on August 29, 2021. (Rec. Doc. 1). Plaintiff, Juan Carcamo, filed this action against Allstate alleging breach of contract and state law violations. (*Id.* ¶¶ 26–30). Allstate moved for summary judgment on October 8, 2024. (Rec. Doc. 15).

The motion was originally set for submission on Wednesday, October 30, 2024. (Rec. Doc. 15-4). Pursuant to Local Rule 7.5 of the Eastern District of Louisiana, Plaintiff's response in opposition was due eight days prior to the noticed submission date, but Plaintiff failed to file an opposition to Defendant's motion. In the interest of justice, the Court sua sponte reset the motion for consideration on November 13, 2024 (Rec. Doc. 16). The motion remains unopposed.

Plaintiff seeks recovery for losses caused by Hurricane Ida pursuant to Allstate Insurance Policy number 985353902 ("the Policy"). (Rec. Doc. 1, ¶ 7). Allstate argues it is entitled to summary judgment because the alleged losses were excluded under the Policy. (Rec. Doc. 15-1, at 1). It is undisputed that Allstate issued Plaintiff an insurance policy and that it was effective

during Hurricane Ida. (*Id.* at 1-2). However, the Policy contained a Windstorm and Hail Exclusion, which states:

> For a reduction in premium:
>
> We do not cover any loss to any property covered by this policy caused by or consisting of Windstorm or Hail. Such loss is excluded regardless of any other cause or event contributing currently or in any sequence to the loss.
>
> We do cover sudden and accidental direct physical loss caused by fire or explosion resulting from Windstorm or Hail.

(Rec. Doc. 15-3, at 26). Because the Windstorm and Hail Exclusion unambiguously excludes damages from Windstorms, Allstate argues it did not provide coverage for Plaintiff's property losses that arose from "the winds and rains of Hurricane Ida." (Rec. Doc. 15-1, at 3).

## II.   Law & Analysis

Summary judgment is proper where there is "no genuine dispute of material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). That is, it is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must

come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

The Court may not grant Allstate's motion "simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). But it may "accept[] as undisputed the facts so listed in support of the motion*,*" *Eversley v. MBank Dall.*, 843 F.2d 172, 173–74 (5th Cir. 1988); *accord White v. Coffield Med. Staff*, No. 21-40211, 2022 WL 1056103, at *2 (5th Cir. Apr. 8, 2022) (per curiam) ("Where, as here, a plaintiff does not file an opposition to a defendant's motion for summary judgment, a district court may properly take the facts put forward by defendant in support of his motion for summary judgment to be undisputed."); *see also* FED. R. CIV. P. 56(e)(3) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

In *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583 (La. 2007), the Louisiana Supreme Court laid out a comprehensive framework for interpreting insurance policies under Louisiana law. The *Sims* court explained, "[i]n analyzing insurance policies, certain elementary legal principles apply. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *Id.* at 588–89 (citations omitted). According to the general rules of interpretation of contracts, the court must determine the parties' common intent. *Id.* at 589 (citations omitted); *see also* La. Civ. Code art. 2045. Courts begin their analysis of the parties' common intent by examining the words of the insurance contract itself. *See* La. Civ. Code art. 2046. In ascertaining the common intent, words and phrases in an insurance policy are to be construed using their plain, ordinary and generally

prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning. *See* La. Civ. Code art. 2047. When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and courts must enforce the contract as written. *See* La. Civ. Code art. 2046.

In the instant case, the plain language of the Windstorm and Hail Exclusion expressly and unambiguously states that coverage is not provided for damage to the property caused by windstorm or hail. With clear and explicit language, no further inquiry is allowed. *See* La. Civ. Code art. 2046. Moreover, Louisiana courts—including other sections of this Court—have interpreted similar windstorm exclusion endorsements in Allstate's insurance policies. In *Pierce v. Allstate Insurance Company*, for example, the exact same provision as the one presently before the Court was considered in a lawsuit filed after Hurricane Katrina. 542 F. Supp. 2d 495, 498 (E.D. La. 2008) (Barbier, J.). The *Pierce* court held that "the endorsement issued by [Allstate] is clear and unambiguous and must be enforced as written." *Id.* (footnote omitted). The presiding judge granted Allstate's motion for summary judgment and dismissed the plaintiff's claims against Allstate that arose out of property damage caused by Hurricane Katrina.[1] *Id.* at 496.

Here, like in in *Pierce*, the Policy clearly and plainly provides for an exclusion of damages caused by wind or hail. (Rec. Doc. 15-3, at 26). Plaintiff has not otherwise responded in any way to support his claim of coverage under the policy. He has not brought forward any evidence to

---

[1] Since the *Pierce* ruling, courts in this district have routinely held that similar Allstate Windstorm and Hail Exclusions are enforceable and preclude recovery for alleged property damage from hurricanes. *See, e.g.*, *Gardner v. Allstate Ins. Co.*, No. 23-4620, 2024 WL 4651277 (E.D. La. Nov. 1, 2024) (Guidry, J.); *Allison v. Allstate Vehicle & Prop. Ins. Co.*, No. 23-3567, 2024 WL 3845988 (E.D. La. Aug. 16, 2024) (Ashe, J.); *Valdosse v. Allstate Vehicle & Prop. Ins. Co.*, No. 23-3571, 2024 WL 1177947 (E.D. La. Mar. 19, 2024) (Brown, J.); *Cummings v. Allstate Vehicle & Prop. Ins. Co.*, No. 23-4249, 2024 WL 1156617 (E.D. La. Mar. 18, 2024) (Fallon, J.).

refute Defendant's assertion that the policy exclusion applies to his damages. Therefore, the Court finds merit in Allstate's Motion for Summary Judgment.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 15)** is **GRANTED** and all claims asserted by Plaintiff are **DISMISSED WITH PREJUDICE.**

November 18, 2024

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE